## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONTE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CASE NO. 1:21-cv-1786** |
| TOWN OF SUMMITVILLE, | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| SUMMITVILLE POLICE DEPARTMENT, | ) | |
| | ) | |
| OFFICER THOMAS EVERETT, | ) | |
| In this individual and official capacities | ) | |
| | ) | |
| And | ) | |
| | ) | |
| OFFICER SHAWN MCGUIRE, | ) | |
| In his individual and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, Craig R. Karpe, for his Complaint for Damages against

Defendants, Town of Summitville (hereinafter "Town"), Officer Thomas Everett (hereinafter

"Officer Everett"), Officer Shawn McGuire (hereinafter "Officer McGuire"), and Summitville

Police Department:

## INTRODUCTION

1. On October 8, 2017 Monte Myers was sitting in his vehicle in a public park in

   Summitville, Indiana, when he was approached by Officer Everett of the Summitville

   Police Department. After declining to produce his ID or exit his vehicle as demanded

by Officer Everett, he was tazed, violently removed from his vehicle, and physically and verbally attacked by Officer Everett as well as Officer McGuire of the Summitville Police Department. He was then falsely arrested, charged with multiple crimes, and falsely imprisoned. The Plaintiff seeks damages against Defendants for violation of rights as guaranteed under the United States Constitution and for the commitment of intentional torts under Indiana state law.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court for the Southern District of Indiana because all or a substantial portion of these events or omissions giving rise to this Complaint occurred in or around Madison County, Indiana.

## PARTIES

4. Plaintiff, Monte Myers, is a citizen of the United States and a resident of Grant County, Indiana.

5. The Town of Summitville is an Indiana municipality located in Madison County, Indiana, which controls and maintains the Summitville Police Department.

6. Officer Everett was at all times relevant to this Complaint, an employee and a duly sworn officer with the Summitville Police Department.

7. Officer McGuire was at all times relevant to this Complaint, an employee and a duly sworn officer with the Summitville Police Department.

8. At all times relevant, Officer Everett and Officer McGuire were actors under the color of state law based on their authority and official position as officers with the Summitville Police Department.

9. The Summitville Police Department is a political subdivision and law enforcement agency located in Madison County, Indiana.


**FACTUAL BACKGROUND**

1. Monte Myers was diagnosed as schizophrenic prior to the October 8, 2017 date of the incident that gives rise to this action.  To the extent the statute of limitations has passed on any of the below claims, it should be tolled for the mental incapacity of Monte Myers.

2. On October 8, 2017, at approximately 2:20pm, Mr. Monte Myers had just left the basketball court of a public park in Summitville, Indiana and gotten into his vehicle.

3. He was sitting in his vehicle in the parking lot when he was approached by Deputy Chief Thomas Everett.

4. Officer Everett was wearing a body camera which shows the officer's demeanor was aggressive and adversarial from his initial approach.

5. Mr. Myers asked what he was doing wrong.

6. Officer Everett stated he was called in about suspicious activity.

7. Officer Everett did not offer any explanation as to what the suspicious activity was or who had called it in.

8. Officer Everett stated in the state of Indiana Mr. Myers was required to identify himself and demanded to see Mr. Myers' ID.

9.  Mr. Myers stated he did not have ID with him.

10. Officer Everett demanded Mr. Myers keep his hands where he could see them to which Mr. Myers complied.

11. Officer Everett then demanded Mr. Myers exit his vehicle.

12.  Mr. Myers declined and stated he had done nothing wrong.

13. Officer Everett informed Mr. Myers another unit was on the way and threatened to remove him from the vehicle when he arrived.

14. Officer Everett continued to aggressively demand Mr. Myers to identify himself and exit the vehicle.

15. Mr. Myers continued to ask what he had done wrong and Officer Everett again offered no explanation other than stating he was there on suspicious activity.

16. At this point, Mr. Myers asked to leave.

17. Officer Everett told Mr. Myers he was not free to leave.

18. Officer Everett's body camera shows Mr. Myers remained calm throughout this entire encounter.

19. At no time during this encounter did Mr. Myers become combative, display a weapon, or make any threats physically or verbally to Officer Everett.

20. At this time, Police Chief Shawn McGuire arrived.

21. Officer Everett, assisted by Officer McGuire, opened Mr. Myers' vehicle door, and began to attempt to forcefully remove him from the vehicle.

22. Upon this force and the showing of a tazor Mr. Myers stated, "I'm getting out" and

began to comply with the Officers' orders.

23. Before being able to exit, and despite Mr. Myers continuously stating, "I'm getting out, I'm getting out" the Officers repeatedly tazed Mr. Myers and then violently pulled him from the vehicle.

24. Once on the ground, Mr. Myers was then tazed several more times, including in the back of the head, physically struck multiple times, kneeled on, and stomped on by the Officers.

25. Throughout the entire confrontation the Officers swore at Mr. Myers while also repeatedly referring to him as expletives.

26. Officer Everett continued to threaten violence by yelling "I'll fight you in an instant brother" to Mr. Myers while he was laying on the ground.

27. Throughout the entire confrontation Mr. Myers can be heard on the body camera screaming for help and begging the officers to stop.

28. Once in custody Officer Everett searched Mr. Myers' vehicle.

29. Mr. Myers was arrested with the following charges:

> 35-42-2-1(c)(1)/F6: Battery Against a Public Safety Official
> 35-44.1-3-1(a)(1)/MA: Resisting Law Enforcement
> 35-48-4-11(a)(1)/MB: Possession of Marijuana
> 34-28-5-3.5/MC: Refusal to Identify Self
> 35-45-1-3(a)(1)/MB: Disorderly Conduct
> 35-48-4-8.3(b)(2)/MC: Possession of Paraphernalia
> 9-24-19-2(1)(2)/MA: Driving While Suspended (Prior w/in 10 years)

30. Mr. Myers was incarcerated in the county jail on a $5,000.00 bond.

31. Mr. Myers remained in jail until February 9, 2018, over four months.

32. During that time, Mr. Myers was not given medical care for his injuries from the October 8, 2017 incident.

33.  Mr. Myers had previously been diagnosed with mental illness, including

schizophrenia with hallucinations, for which he was prescribed medication.

34. The jail made no effort to provide prescribed medication for Mr. Myers' mental

illness.

35. On December 2, 2020 all charges against Mr. Myers were dismissed.


## LEGAL CLAIMS

### COUNT I:  42 U.S.C. § 1983 Excessive Force-Officer Everett

36. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as

though set forth at length herein.

37. 42 U.S.C. § 1983 provides:

> "Every person who under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, Suit in
> equity, or other proper proceeding for redress…"

38. Officer Everett is considered a "person" within the meaning of 42 U.S.C. § 1983.

39. Officer Everett's actions and/or omissions were taken under color of state law based

on his authority and official position as an officer with the Summitville Police

Department.

40. Officer Everett's actions and/or omissions in using excessive force against Mr.

Myers, and violating his bodily integrity, constituted a violation and a deprivation of

his rights under the Fourth and Fourteenth Amendments to the United States

Constitution.

41. Officer Everett's actions, omissions, and/or failures caused Mr. Myers to suffer harm.

42. Officer Everett's actions and/or omissions were made knowingly, intentionally, and/or with reckless disregard for Mr. Myers' rights.

43. Officer Everett's conduct is actionable under 42 U.S.C. §1983.

44. Officer Everett's conduct was clearly excessive to the need and was objectively and subjectively unreasonable.

**COUNT II: 42 U.S.C. § 1983 Excessive Force -Excessive Force-Officer McGuire**

45. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

46. 42 U.S.C. § 1983 provides:

"Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress…"

47. Officer McGuire is considered a "person" within the meaning of 42 U.S.C. §1983.

48. Officer McGuire's actions and/or omissions were taken under color of state law based on his authority and official position as an officer with the Town of Summitville.

49. Officer McGuire's actions and/or omissions in using excessive physical force against Mr. Myers, and violating his bodily integrity, constituted a violation and a deprivation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution.

50. Officer McGuire's actions, omissions, and/or failures caused Mr. Myers to suffer harm.

51. Officer McGuire's actions and/or omissions were made knowingly, intentionally, and/or with reckless disregard for Mr. Myers' rights.

52. Officer McGuire's conduct is actionable under 42 U.S.C. §1983.

53. Officer McGuire's conduct was clearly excessive to the need and was objectively and subjectively unreasonable.

**COUNT III: *Monell* Claim against the Town of Summitville**

54. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

55. This claim is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of state law of Mr. Myers' rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

*56.* "A local governing body may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority" *Thomas v. Cook County Sheriff's Dept, 604 F. 3d 293, 303 (7th Cir. 2009).*

57. As a matter of policy, custom, or practice, the Town of Summitville failed to have proper use of force policies in place.

58. As a matter of policy, custom, or practice, the Town of Summitville failed to properly supervise and train its officers from using unreasonable and excessive force on Mr. Myers.

59. As a matter of policy, custom, or practice, the Town of Summitville failed to properly screen police officer candidates prior to hiring, to exclude officers with a history using unreasonable and excessive force on persons such as Mr. Myers.

60. That failure to train amounted to deliberate indifference to Mr. Myers, to whom Summitville Police Department Officers Everett and McGuire came into contact with October 8, 2017..

61. A culture of indifference and tolerance of officers' use of excessive and reasonable force has permeated the department.

62. Summitville Police Department's failure to properly or sufficiently discipline officers that apply excessive and unreasonable force has led to the acceptance of that conduct and the actions of Defendants, Officer Everett and Officer McGuire, in this case.

63. The Town of Summitville's practices, customs, and policies as well as a failure to properly train resulted in some or all of Mr. Myers' injuries.

64. The Town of Summitville's practices, customs, and policies as well as a failure to properly train resulted in a deprivation of Mr. Myers' rights under the Fourth and Fourteenth Amendments.

65. Mr. Myers suffered compensable injury as a direct and proximate cause of the Defendants' unlawful actions and/or omissions.

**COUNT IV: 42 U.S.C. §1983 Unreasonable Seizure-Officer Everett**

66. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

67. Officer Everett seized Mr. Myers and placed him in a full custodial arrest using force and words that a reasonable person would have been afraid to ignore by, *inter alia*, violently pulling him from his vehicle, tazing him, beating him, forcing him on his face, and placing him in handcuffs.

68. The detention was unlawful as an anonymous phone call of undefined "suspicious activity" is insufficient probable cause for detention.

69. After the arrest, Officer Everett illegally searched Mr. Myers' vehicle without probable cause.

70. Mr. Myers is entitled to compensatory damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 against Officer Everett for his violation of Mr. Myers' clearly established Fourth Amendment right to be free of illegal and unreasonable seizures.

71. Further, the circumstances demonstrate that Officer Everett's actions were done intentionally, maliciously, and in a manner demonstrating a callous indifference to Mr. Myers' protected rights. Therefore, Officer Everett is liable to Mr. Myers for punitive damages for the unreasonable seizures.

**COUNT V: 42 U.S.C. § 1983 Unreasonable Seizure-Officer McGuire**

72. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

73. Officer McGuire seized Mr. Myers and placed him in a full custodial arrest using force and words that a reasonable person would have been afraid to ignore by, *inter alia*, violently pulling him from his vehicle, tazing him, beating him, forcing him on his face, and placing him in handcuffs.

74. The detention was unlawful as an anonymous phone call of undefined "suspicious activity" is insufficient probable cause for detention.

75. Mr. Myers is entitled to compensatory damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 against Officer McGuire for his violation of Mr. Myers' clearly established Fourth Amendment right to be free of illegal and unreasonable seizures.

76. Further, the circumstances demonstrate that Officer McGuire's actions were done intentionally, maliciously, and in a manner demonstrating a callous indifference to Mr. Myers' protected rights. Therefore, Officer McGuire is liable to Mr. Myers for punitive damages for the unreasonable seizures.

**COUNT VI: Indiana Intentional Tort, Assault-Officer Everett**

77. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

78. This is a claim under Indiana Law for the intentional tort of assault.

79. Officer Everett knowingly, willfully and wantonly, intentionally, and directly, assaulted Mr. Myers by, *inter alia*, threatening him, grabbing him to try to pull him out of the vehicle, tazing him, striking him on his face, back and legs, grabbing him, and placing him in handcuffs.

80. Mr. Myers was aware of each of these actions, and prior to and as a result of such contact, each put him in reasonable fear of the forthcoming batteries.

81. In each instance, Officer Everett acted with *at least* scienter that his actions were likely to place Mr. Myers in reasonable fear of an imminent physical battery, and such actions were designed to elicit such a reaction from Mr. Myers.

82. In each instance, Officer Everett lacked any legal justification or excuse for his conduct. And under these circumstances, Officer Everett is not entitled to sovereign immunity. Further as assault is an intentional tort, the doctrine of sovereign immunity does not apply.

83. These actions were the legal and proximate cause of Mr. Myers' damages as complained of herein and thus Mr. Myers is entitled to compensatory damages for the tort of assault.

84. Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr. Myers' rights, and thus punitive damages for the tort of assault are warranted.

**COUNT VII: Indiana Intentional Tort, Assault-Officer McGuire**

85. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

86. This is a claim under Indiana law for the intentional tort of assault.

87. Officer McGuire knowingly, willfully and wantonly, intentionally, directly and/or by being present and explicitly encouraging such behavior, assaulted Mr. Myers by, *inter alia*, threatening him, grabbing him to try to pull him out of the vehicle, tazing him, striking him on his face, back and legs, grabbing him, and placing him in handcuffs.

88. Mr. Myers was aware of each of these actions, and prior to and as a result of such contact, each put him in reasonable fear of the forthcoming batteries.

89. In each instance, Officer McGuire acted with *at least* scienter that his actions were likely to place Mr. Myers in reasonable fear of an imminent physical battery, and such actions were designed to elicit such a reaction from Mr. Myers.

90. In each instance, Officer McGuire lacked any legal justification or excuse for his conduct. And under these circumstances, Officer McGuire is not entitled to sovereign immunity. Further as assault is an intentional tort, the doctrine of sovereign immunity does not apply.

91. These actions were the legal and proximate cause of Mr. Myers' damages as complained of herein and thus Mr. Myers is entitled to compensatory damages for the tort of assault.

92. Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr. Myers' rights, and thus punitive damages for the tort of assault are warranted.

**COUNT VIII: Indiana Intentional Tort, Battery-Officer Everett**

93. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

94. This is a claim under Indiana law for the intentional tort of battery.

95. Officer Everett either directly or via his presence and encouragement, intentionally touched Mr. Myers, *inter alia*, grabbing him, violently removing him from his vehicle, tazing him, striking him, and placing him in handcuffs.

96. Officer Everett's touching of Mr. Myers was harmful, offensive, excessive and

disproportionate, and conducted without lawful justification or excuse.

97.     At no time during these batteries was Mr. Myers combative or presenting such a threat to Officer Everett such as to warrant such violence and harmful and offensive touchings.

98.     As a direct and proximate cause of the Officer Everett's battery of him (either directly or by their presence and encouragement), Mr. Myers suffered damages to his head and body. Officer Everett is  liable to Mr. Myers for compensatory damages for the tort of battery.

99.     Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr Myers' rights, and thus punitive damages for the  tort of battery are warranted.

## COUNT IX: Indiana Intentional Tort, Battery-Officer McGuire

100.    Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

101.    This is a claim under Indiana law for the intentional tort of battery.

102.    Officer McGuire either directly or via their presence and encouragement, intentionally touched Mr. Myers, *inter alia*, grabbing him, violently removing him from his vehicle, tazing him, striking him, and placing him in handcuffs.

103.    Officer McGuire's touching of Mr. Myers was harmful, offensive, excessive and disproportionate, and conducted without lawful justification or excuse.

104.    At no time during these batteries was Mr. Myers combative or presenting such a threat to Officer McGuire such as to warrant such violence and harmful and offensive touchings.

105. As a direct and proximate cause of the Officer McGuire's battery of him (either directly or by their presence and encouragement), Mr. Myers suffered damages to his head and body. Officer McGuire is liable to Mr. Myers for compensatory damages for the tort of battery.

106.  Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr Myers' rights, and thus punitive damages for the tort of battery are warranted.

**COUNT X: Indiana Intentional Tort, False Imprisonment -Officer Everett**

107. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

108. This is a claim under Indiana law for the intentional tort of false imprisonment.

109. Officer Everett seized Mr. Myers without his consent and without legal justification or excuse, and/or failed to release Mr. Myers after it became apparent he lacked probable cause or a reasonable articulable suspicion sufficient to provide legal justification or \ excuse for such continued seizure, which amounted to a full custodial arrest.

110. At all times relevant herein, Officer Everett acted with the intention of confining Mr. Myers within fixed boundaries, and his conduct directly or indirectly resulted in such confinement, and Mr. Myers was aware of such the confinement.

111. Officer Everett imposed by force and threats of force this unlawful restraint upon Mr. Myers' freedom of movement by, *inter alia*, grabbing him, violently removing him from his vehicle, tazing him, striking him, and placing him in handcuffs

112. At no time during these actions did Officer Everett inform Mr. Myers that he was free to leave. Officer Everett specifically told Mr. Myers he was not free to leave. Under

the circumstances, no reasonable person would have believed that he or she was free to leave, effectively limiting Mr. Myers' liberty and free movement under the auspices of unfounded legal authority.

113. At the time of this continuing detention, Officer Everett knew or should have known that he neither had a reasonable articulable suspicion or probable cause to believe that Mr. Myers had committed any crime or posed any danger to the Defendant officers or any other person.

114. In restricting Mr. Myers' freedom of movement in such a manner, Officer Everett acted intentionally, willfully, maliciously, and recklessly.

**COUNT XI: Indiana Intentional Tort, False Imprisonment -Officer McGuire**

115. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

116. This is a claim under Indiana law for the intentional tort of false imprisonment.

117. Officer McGuire seized Mr. Myers without his consent and without legal justification or excuse, and/or failed to release Mr. Myers after it became apparent he lacked probable cause or a reasonable articulable suspicion sufficient to provide legal justification or excuse for such continued seizure, which amounted to a full custodial arrest.

118. At all times relevant herein, Officer McGuire acted with the intention of confining Mr. Myers within fixed boundaries, and his conduct directly or indirectly resulted in such confinement, and Mr. Myers was aware of such the confinement.

119. Officer McGuire imposed by force and threats of force this unlawful restraint upon Mr. Myers' freedom of movement by, *inter alia*, grabbing him, violently removing

him from his vehicle, tazing him, striking him, and placing him in handcuffs.

120. At no time during these actions did Officer McGuire inform Mr. Myers that he was free to leave. Under the circumstances, no reasonable person would have believed that he or she was free to leave, effectively limiting Mr. Myers' liberty and free movement under the auspices of unfounded legal authority.

121. At the time of this continuing detention, Officer McGuire knew or should have known that he neither had a reasonable articulable suspicion or probable cause to believe that Mr. Myers had committed any crime or posed any danger to the Defendant officers or any other person.

122. In restricting Mr. Myers' freedom of movement in such a manner, Officer McGuire acted intentionally, willfully, maliciously, and recklessly.

**COUNT XII: Indiana Intentional Tort, Intentional Infliction of Emotional Distress - Officer Everett**

123. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

124. This is a claim under Indiana law for the intentional tort of Intentional Infliction of Emotional Distress.

125. Officer Everett engaged in extreme and outrageous conduct towards Mr. Myers by grabbing him, violently removing him from his vehicle, tazing him, and repeatedly striking him.

126. These actions by Officer Everett were intentional or recklessly negligent.

127. These actions by Officer Everett were the cause of Mr. Myers' complaint.

128. This extreme and outrageous conduct by Officer Everett caused Mr. Myers severe

emotional distress.

129. Mr. Myers can be seen on the police body camera screaming for help and begging for his life while Officer Everett continued to violently attack him.

130. Mr. Myers is entitled to compensatory damages for the psychological damages resulting from Officer Everett's extreme and outrageous conduct.

**COUNT XIII: Indiana Intentional Tort, Intentional Infliction of Emotional Distress - Officer McGuire**

131. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

132. This is a claim under Indiana law for the intentional tort of Intentional Infliction of Emotional Distress.

133. Officer McGuire engaged in extreme and outrageous conduct towards Mr. Myers by grabbing him, violently removing him from his vehicle, tazing him, and repeatedly striking him.

134. These actions by Officer McGuire were intentional or recklessly negligent.

135. These actions by Officer McGuire were the cause of Mr. Myers' complaint.

136. This extreme and outrageous conduct by Officer McGuire caused Mr. Myers severe emotional distress.

137. Mr. Myers can be seen on the police body camera screaming for help and begging for his life while Officer McGuire continued to violently attack him.

138. Mr. Myers is entitled to compensatory damages for the psychological damages resulting from Officer McGuire's extreme and outrageous conduct.

**COUNT XIV: Indiana Intentional Tort, Malicious Prosecution – Officer McGuire**

139. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

140. This is a claim under Indiana law for the intentional tort of Malicious Prosecution.

141. Officer McGuire instituted or caused to be instituted a prosecution against the plaintiff;

142. Officer McGuire acted with malice in doing so;

143. The prosecution of Monte Myers was instituted without probable cause;

144. The prosecution of Monte Myers was terminated in the Plaintiff's favor on all charges on December 12, 2020.  This was 3 years, 1 month, and 24 days, after the tortuous and unconstitutional treatment of Monte Myers by the Defendants on October 8, 2017.

145. These actions by Officer McGuire were intentional or recklessly negligent

146. These actions by Officer McGuire were the intended in part to cover for the tortuous and unconstitutional treatment of Monte Myers alleged above in this complaint, and to prevent Mr. Myers from being able to timely file civil suit thereon under the applicable statutes of limitations.

147. Mr. Myers is entitled to compensatory damages, attorney fees, exemplary damages, payment for the physical and psychological damages resulting from Officer McGuire's extreme and outrageous conduct, for false arrest and imprisonment, for intentional tort damages, for treble damages under §34-24-3-1, for all damages arising from the forgoing counts, and for all other just and proper relief.

**COUNT XV: Indiana Intentional Tort, Malicious Prosecution – Officer Everett**

148. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

149. This is a claim under Indiana law for the intentional tort of Malicious Prosecution.

150. Officer Everett instituted or caused to be instituted a prosecution against the plaintiff;

151. Officer Everett acted with malice in doing so;

152. The prosecution of Monte Myers was instituted without probable cause;

153. The prosecution of Monte Myers was terminated in the Plaintiff's favor on all charges on December 12, 2020.  This was 3 years, 1 month, and 24 days, after the tortuous and unconstitutional treatment of Monte Myers by the Defendants on October 8, 2017**.**

154. These actions by Officer Everett were intentional or recklessly negligent

155. These actions by Officer Everett were the intended in part to cover for the tortuous and unconstitutional treatment of Monte Myers alleged above in this complaint, and to prevent Mr. Myers from being able to timely file civil suit thereon under the applicable statutes of limitations.

156. Mr. Myers is entitled to compensatory damages, attorney fees, exemplary damages, out of pocket expenses, payment for the physical and psychological damages resulting from Officer Everett's extreme and outrageous conduct, for false arrest and imprisonment, for intentional tort damages, for treble damages under §34-24-3-1, for all damages arising from the forgoing counts, and for all other just and proper relief.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays that the Court find in his favor and order the following relief:

   a.  Issue a judgment that Defendants' acts, policies and procedures violated 42 U.S.C.
       §1983;

   b.  Award all appropriate injunctive relief to preclude the Defendants, their officers,
       agents, and employees acting in concert with them from engaging in any policy or
       practice that violates 42 U.S.C. §1983;

   c.  Award all relief available under 42 U.S.C. §1983 and 42 U.S.C §1988, including
       compensatory and punitive damages, attorney fees and costs, and all other
       appropriate relief;

   d.  Enter judgment against the Defendants and in favor of Mr. Myers for compensatory
       and punitive damages in such amounts as a jury may determine for the violations of
       Counts I through XV as complained of herein, including treble damages under §34-
       24-3-1, compensatory damages, attorney fees, exemplary damages, out of pocket
       expenses, payment for the physical and psychological damages, for false arrest and
       imprisonment, and for intentional tort damages.

   e.  For damages arising from malicious prosecution, including those damages set forth
       above, and for inhibiting Plaintiff from seeking civil relief before the expiration of
       the applicable statutes of limitations, and all other appropriate relief ;

   f.  Any and all other appropriate relief in the premises.

## **<u>JURY TRIAL REQUESTED</u>**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted,

*/s/ Craig R. Karpe*
Craig R. Karpe, #18726-02

Attorney for Plaintiff

KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, Indiana 46202
(317) 251-1840